SPENCER K. MOORE, PROSECUTOR, v. THE COURT OF COMMON PLEAS FOR THE COUNTY OF MIDDLESEX AND CHARLES W. WILLET.

Submitted March 22, 1902—Decided June 9, 1902.

While a written application for a license to keep an inn and tavern will bind the applicant as to the location of his inn so as not to permit a license for another place, an omission to state therein the location of his stable will not preclude the granting of license to keep an inn and tavern at the place named, if the court be satisfied that the applicant is well provided with proper and convenient stabling, although not on the same lot of land on which the proposed inn is erected.

On *certiorari*.

Before Justices DIXON and COLLINS.

For the prosecutor, *Willard P. Voorhees.*

For the defendants, *Peter Francis Daly.*

The opinion of the court was delivered by

COLLINS, J.   The writ in this case reviews the granting of a license to Charles W. Willet to keep an inn and tavern in the borough of South River, in the county of Middlesex.

The application for license was as follows: "The petition of Charles W. Willet humbly showeth that your petitioner, being well provided with the requisites of the law for that purpose, prays a license may be granted to him to keep an inn and tavern, borough of South River, on Ferry street, house known as the 'Willet House,' where he now lives, for the ensuing year, and your petitioner as in duty bound will ever pray."

This application was accompanied with the following recommendation, signed by twenty-three freeholders: "The subscribers, freeholders in the borough of South River, do hereby

certify that Charles W. Willet, the above petitioner, is of good repute for honesty and temperance, and is known to us, the subscribers, to have at least two beds more than are necessary for his family's use, and is well provided with house room, stabling and provender; and we also certify that said tavern is necessary and will conduce to the public good. We therefore recommend him as fit and suitable to keep an inn and tavern in said borough of South River."

This was accompanied by the usual affidavit.

Under a rule for that purpose the Court of Common Pleas certified and returned to this court as follows:

"1. The said Court of Common Pleas found as a fact that no stable or stabling existed upon the property named in the application for license, and said facts were undisputed.

"2. The said Court of Common Pleas found as a fact that there was no room upon the lot mentioned in the said application, whereon the building in said application named stands, to locate a stable or stabling.

"3. The said Court of Common Pleas found that the said applicant had a building which he claimed was fitted to be used as a stable and that there were two other stables on other streets which said applicant had a right to use as stables.

"4. The said Court of Common Pleas found as a fact that said applicant had stabling in at least three places, none of which was located upon the lot mentioned in the application for license.

"5. The above were undisputed facts in the case."

The sole ground of attack upon the granting of license was that the applicant had no stabling or room for stabling upon the lot of land whereon the Willet House, in which he lives, is located.

We have found no decision, nor has any been cited to us, requiring that the stable of an innkeeper shall be within the curtilage of his inn. It cannot be successfully contended that had the applicant stated in his petition the location of his stable, the court, in the exercise of its discretion, might not have granted the license, although the stabling was not within such curtilage. No written application for license is required

by the statute, and while, doubtless, an applicant will be bound by what he states in a written application as to the location of his inn, and a grant of license to keep an inn and tavern elsewhere in such case is not warranted, still the omission to name the location of the stabling will not bar a license, if the court be satisfied that, in fact, the applicant has stabling convenient to his inn.

The facts certified warranted the granting of the license, and the same will be affirmed, with costs.